(No. 78-CC-1031—

MIDWEST FAMILY RESOURCE ASSOCIATION, LTD., an Illinois Corporation, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed July 5, 1979.—Rehearing denied April 27, 1981.*

SIDNEY C. KLEINMAN, LTD., for Claimant.

HOLDERMAN, J.

This matter comes before the Court on a motion by Respondent for summary judgment, motion of Claimant for partial summary judgment, and Respondent's reply to Claimant's motion for partial summary judgment.

Respondent's motion for summary judgment sets

forth that Claimant, by and through its sole owner, Dr. Borstein, contacted the Department of Children and Family Services on three separate occasions, on August 1, 1974, on January 28, 1975, and on July 1, 1975. Said motion further sets forth that since 1968 Dr. Borstein had been employed by the Illinois Department of Mental Health and Developmental Disabilities, and that since 1971, he had been employed as Director of Family Services, Illinois Institute for Juvenile Research.

Respondent also refers to certain contracts entered into between Claimant and Respondent.

The record discloses that Claimant was granted an exemption certificate on September 5, 1975, which exemption was given after the contracts were executed and after twelve months of performance on the contracts.

The objection of Respondent to the payment of this claim is that at the time the work was done, the Claimant did not have an exemption, as required by statute, and therefore the contracts were illegal and void.

It is the contention of Claimant that the exemption of the Governor is retroactive and therefore its claims were valid.

It is the opinion of this Court that there is not any statutory provision which allows for a Governor's exemption from the Purchasing Act (Ill. Rev. Stat., ch. 127, par. 132.11—1), to be applied retroactively, and therefore any and all claims based upon work prior to the Governor's exemption of September 5, 1975, are void.

Motion for summary judgment by Respondent as to all of the work performed before the exemption date is granted, and a hearing is set to determine what, if any, work was performed after said exemption was granted.